**16WA-AC00453**

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

IN THE CIRCUIT COURT
WASHINGTON COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **JAMES PERKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **DIVERSIFIED CONSULTANTS, INC.** ) | |
| ) | |
| Serve at: ) | |
| INCORP SERVICES, INC., Registered Agent ) | |
| 2847 S. INGRAM MILL RD ) | |
| SPRINGFIELD, MO 65804 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, James Perkins, and for his Petition states as follows:

## INTRODUCTION

1.     This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2.     This is an action for actual and statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.     This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

4.     Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION



EXHIBIT

A

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

5.      This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant Diversified Consultants ("Diversified") placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in Washington County, Missouri.

6.      This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the Defendant's illicit collection activity was directed at Plaintiff in Washington County, Missouri.

7.      This Court has jurisdiction of the claim of invasion of privacy because the conduct giving rise to the claim occurred in Washington County, Missouri.

## PARTIES

8.      Plaintiff is a natural person currently residing in Washington County, Missouri.

9.      Defendant Diversified Consultants is a corporation whose primary corporate address is 10550 Deerwood Park Blvd, Suite 309, Jacksonville, FL 62256.  Defendant is a corporation and a "person" as defined by 47 U.S.C. § 153(10).  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

### *Telephone Consumer Protection Act*

10.     At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

11.     At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

12.     Defendant    at    all    times    relevant    to    the    complaint    herein    engages    in

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

"telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

13.     Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

14.     At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

15.     At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

16.     At all times relevant to this complaint, the Defendant transmitted "caller identification information" as defined by the TCPA 47 U.S.C. § 227(e)(8)(A) to mean information provided by a caller identification service regarding the telephone number of, or other information regarding the origination of, a call made using a telecommunications service or IP-enabled voice service.

17.     At all times relevant to this complaint, the Plaintiff used a "caller identification service" on her phone, as defined by the TCPA 47 U.S.C. § 227(e)(8)(A) to mean any service or device designed to provide the user of the service or device with the telephone number of, or other information regarding the origination of, a call made using a telecommunications service or IP-enabled voice service.

### *Fair Debt Collection Practices Act*

18.     Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions, specifically, from a T-Mobile cellular telephone account.

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

19.     Defendant Diversified is engaged in the collection of debts from consumers using the mail and telephone.  Defendant Diversified is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### *Invasion of Privacy*

20.     The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that automated and pre-recorded calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

### **FACTS**

21.     Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left artificial or pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

22.     Plaintiff never gave his express written consent to be called on his cellular telephone by automatic dialed telephone calls or prerecorded messages.

23.     Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

24.     Defendant's phone calls came from its numbers, 636-364-9686, and 636-364-9687.

25.     The 636 area code serves east-central Missouri, mainly the metro area of St. Louis excluding the city of St. Louis and most of St. Louis County, and also parts of St. Clair County.

26.     Defendant Diversified Consultants is a Florida based corporation, and has a phone number of (800) 771-5361.

27.     Defendant called using a caller ID spoofing service to make it appear that its phone call was originating from a local St. Louis phone number.

28.     Defendant knows the TCPA's prohibitions against using an autodialer and pre-recorded messages to call cell phones, and against transmitting inaccurate caller identification information, and has continued to make unauthorized and prohibited phone calls despite this knowledge.

29.     Sometime in May of 2016, Defendant called Plaintiff in an attempt to collect the alleged debt, and during that phone call, Plaintiff explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number (636)-426-0753, and instructed Defendant to never call his cellular telephone ever again.

30.     Again, sometime in August of 2016, Defendant called Plaintiff in an attempt to collect the alleged debt, and during that phone call, Plaintiff explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number (636)-426-0753, and instructed Defendant to never call his cellular telephone ever again.

### *Violations of the TCPA*

31.     Defendant never obtained express written consent from Plaintiff, pursuant to 47 U.S.C. § 227 (b)(1)(A), to place telephone calls to Plaintiff's cellular phone using an automatic

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone, (636)-426-0753.

32.     In May and August of 2016, Plaintiff explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number (636)-426-0753 and instructed Defendant to never call his cellular telephone ever again.

33.     Plaintiff received numerous such illicit non-emergency pre-recorded and/or synthesized phone calls or voice messages from Defendant's automatic telephone dialing system, and he was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

34.     Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

35.     Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

36.     Defendant's placement of a spoofed caller ID phone call was a violation of the TCPA, 47 U.S.C. § 227(e)(1), which prohibits any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

37.     Specifically, Defendant knew that the use of a spoofed caller ID phone call showing the call originating from a 636 area code was not accurate because the call in fact originated from Defendant's principal place of business in Jacksonville, Florida.

38.     Specifically, Defendant knew that the use of a spoofed caller ID phone call showing the call originating from a 636 area code would likely mislead a phone call recipient

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

using a caller identification service into believing that the phone call was originating from a 636 area code.

39.     Defendant placed the inaccurate and misleading spoofed caller ID phone call to Plaintiff with the intent to defraud Plaintiff and wrongfully obtain from Plaintiff something of value, payment for the alleged debt.

40.     Specifically, Defendant placed the inaccurate and misleading spoofed caller ID phone call to Plaintiff in order to create the false impression that a local company was contacting Plaintiff, with the intent that Plaintiff be deceived into believing this falsity, and thus, that Plaintiff would be more inclined to make a payment on the debt because of the closeness, ease, and trust commonly associated with local companies.

### Violations of the FDCPA

41.     Defendant's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

42.     Defendant's use of a spoofed caller ID phone number was a misrepresentation by a debt collector in connection with the collection of a debt, in violation of FDCPA § 1692e.

43.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### Invasion of Privacy – Intrusion Upon Seclusion

44.     Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone without consent by Plaintiff, and by concealing the origin of the call, and thereby invaded

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

Plaintiff's right to privacy.

45.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

46.     The conduct of Defendant in engaging in the above-described illegal telecommunications conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

47.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

## COUNT I: VIOLATION OF THE TCPA

48.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

49.     Defendant has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

50.     Defendant has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt using spoofed numbers to knowingly transmit inaccurate caller identification.

51.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

        a.      Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A)(iii).

        b.      In connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value. 47 U.S.C. § 227(e)(1).

52.      Defendant's violations were negligent, or alternatively, they were willful or knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

<u>**COUNT II: VIOLATION OF THE FDCPA**</u>

53.      Plaintiff re-alleges and incorporates by reference all prior paragraphs.

54.      In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. Seq., including, but not limited to, the following:

a.      Engaging in unfair practices in an attempt to collect a debt.  15 U.S.C. §1692f.

b.      Using a false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. §1692e.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Release of the alleged debt;

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.

1692(k); and

E.      For such other relief as the Court may deem just and proper.

### COUNT III: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

55.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

56.     The aforementioned intrusion upon seclusion by Defendant was highly offensive

to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for:

A.      Actual damages;

B.      Punitive damages;

C.      Court costs;

D.      For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

/s/ Dominic M. Pontello

Dominic M. Pontello, #60947
Attorney for Plaintiff
5988 Mid Rivers Mall Dr., Suite 114
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile
dominic@pontellolaw.com

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Dominic M. Pontello

**16WA-AC00453**

Electronically Filed - Washington - November 15, 2016 - 02:21 PM

IN THE CIRCUIT COURT OF WASHINGTON COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **JAMES PERKINS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. |
| | ) |
| **DIVERSIFIED CONSULTANTS, INC,** | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**REQUEST FOR APPOINTMENT OF PROCESS SERVER**

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

ARISTOCRAT PROCESS SERVING, BRAD VOTAW
2101 W CHESTERFIELD BLVD. STE. C100-209
SPRINGFIELD, MO 65807
(417) 745-4771

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
DIVERSIFIED CONSULTANTS, INC,
C/O, INCORP SERVICES, INC., R/A
2847 INGRAM MILL RD, STE A100
SPRINGFIELD, MO 65804

All Risks to Plaintiff
So Appointed:

Date: _____

By: _____

Pontello Law, LLC
    /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
5988 Mid Rivers Mall Dr., Suite 114
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile



## IN THE 24TH JUDICIAL CIRCUIT COURT, WASHINGTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TROY KEITH HYDE | Case Number: 16WA-AC00453 |
| Plaintiff/Petitioner:<br>JAMES PERKINS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DOMINIC MCDARBY PONTELLO<br>5988 MID RIVERS MALL DRIVE SUI<br>SAINT CHARLES, MO 63304 |
| Defendant/Respondent:<br>DIVERSIFIED CONSULTANTS | Date, Time and Location of Court Appearance:<br>04-JAN-2017, 09:00 AM |
| Nature of Suit:<br>AC Other Tort | Division III Courtroom<br>102 N MISSOURI<br>POTOSI, MO  63664 |

(Date File Stamp)

### Associate Division Summons

The State of Missouri to:  **DIVERSIFIED CONSULTANTS**

Alias:

10550 DEERWOOD PARK BLVD
STE 309
JACKSONVILLE, FL 32256



COURT SEAL OF

WASHINGTON COUNTY

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo.  Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| | |
|---|---|
| 11-16-2016 | /S/ BECKY BOYER |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other  DEFENDANT SERVED - PLEASE SEE ATTCHED AFFIDAVIT

Served at _____ (address).

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                              Date                                      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## AFFIDAVIT OF SERVICE

State of Missouri                    County of Washington                    Circuit Court

Case Number: 16WA-AC00453   Court Date: 1/4/2017

Plaintiff:
JAMES PERKINS ET AL

vs.

Defendant:
DIVERSIFIED CONSULTANTS ET AL

For:
PONTELLO LAW, LLC
5988 MID RIVERS MALL DR
SUITE 115
ST. CHARLES, MO 63304

Received by ARISTOCRAT PROCESS SERVING/KIS on the 29th day of November, 2016 at 9:21 am to be served on DIVERSIFIED CONSULTANTS, INC. C/O INCORP SERVICES, INC. REGISTERED AGENT, 2847 S. INGRAM MILL ROAD, STE A100, SPRINGFIELD, MO.

I, BRAD VOTAW, being duly sworn, depose and say that on the **2nd day of December, 2016** at 3:48 pm, I:

Served the within named entity by delivering a true copy of the **SUMMONS AND PETITION** to RAY LAMPERT as REGISTERED AGENT FOR DIVERSIFIED CONSULTANTS INC. of the within named entity, at the address of: 2847 S. INGRAM MILL ROAD, STE A100, SPRINGFIELD, MO.

I certify that I am over the age of 18, have no interest in the above action, and am a process server in good standing in the judicial circuit in which the process was served. I declare under the penalty of perjury that the foregoing is true in substance and in fact to my best information and belief.

MARIE L. PETERSEN
Notary Public, Notary Seal
State of Missouri
Hickory County
Commission # 13386881
My Commission Expires August 20, 2017

**BRAD VOTAW**

Subscribed and Sworn to before me on the 5
day of December 2016 by the affiant
who is personally known to me.

NOTARY PUBLIC

ARISTOCRAT PROCESS SERVING/KIS
115 E. Park St.
Ste. D
Olathe, KS 66061
(913) 780-2007

Our Job Serial Number: AIL-2016032868

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1g